Anthony Norman,
Plaintiff,

v.

Bryan Collier, Bobby Lumpkin,
Ashley Janak, Tammy Chapman
Maria Thompson, Shovanda
Mathis- Howard, Etal,
Defendant(s).

§ IN THE
§
§ 15th District Court of
§
§ Appeals
§
§ TRAVIS COUNTY, TEXAS
§
§ cause no. 15-24-00068-CV
§

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS

FEB 03 2025

CHRISTOPHER A. PRINE
CLERK

## MOTION TO PROCEED

NOW COMES, Anthony Norman, herein: "Movant", who brings this MOTION TO PROCEED, herein: "Motion". In support, the Movant would show:

### I. Jurisdiction

Movant files this Motion pursuant to Tex. Rules of Appellate Procedure Rule(s) 10, and 20.1.

### II. Facts

1. Movant filed an Original Petition in the 200th District Court, cause no. D-1-GN-002583, with TCPR Art. 14.004, 14.005 declarations;

2. On defendant's motion, the case was transfered to the 12th District Court cause no. 2230570, albeit without lawful authority (jurisdiction);

3. Subsequently, the 12th District Court violated any pretense of judicial discretion by dismissing the case for reasons which

pg 1 of 4

do not comport to statutes, or established common law;

4. The 200th District Court's 14.004, 14.005 declarations exist in the Record on Appeal[Clerk's Record] at (ROA 70-72);

5. The necessary declarations were filed again in the 12th at (ROA. 194); (ROA.195-197); (ROA. 383-389);

6. TRAP Rule 20 was invoked, proceeding on Appeal, the premise being a case filed informa pauperis continues informa pauperis, not necessitating the need to refile the same declarations, or other duplicated papers on direct appeal;

7. Movant communicated his understanding of the rule to the Clerk of the 10th COA, and requested that the Clerk either respect TRAP Rule 20, or notify the Movant of the necessity to submit duplicated papers. The Clerk docketed the Appeal (UCC 2.206);

8. Upon the Clerk failing to respond to the inquiry, the matter was thought to be settled;

9. The Clerk of the 10th COA later transfered the instant cause to the 15th COA;

10. Clerk, Chris Prine of the 15th Court of Appeals sua sponte, has raised ~~the same~~ similar issues asserting for the first time that the TCRP Art. 14.004, 14.005 filings are absent, and seeks to dismissal on or after 7 Feb. 2025 (17 January 2025 correspondence from Chris A. Prine received 25 Jan. 2025).

## III. ARGUMENT

Just in case, Movant has attached an additional declaration complying with TRCP Art. 14.004. The U.S. Mails are extremely slow.

Either TRAP Rule 20 applies, or it does not. The petitioner has not filed an _affidavit_, or _declaration of inability to pay cost_ in the 10th, or 15th Court of Appeals. Filing a declaration or affidavit is a required triggering event see:

"Tex. Civ. Prac. & Rem. Code § 14.004(a), which clearly states: "An inmate who files an affidavit, or unsworn declarations of inability to pay cost shall file a seperate affidavit or declaration: (...)."

No affidavit, or declaration comporting to 14.004's requirement was filed.

There is no statutory requirement to refile a grievance declaration. In addition, this is matter "Grievances" filed or not" - which is properly before the 15th COA for consideration by the judges of the court.

From a statutory perspective - a principle upon which the rules are are built, a court is required to observe the plain text of statutes (Tex. Gov. § 311.011, § 312.002). Although Texas Rules of Appellate Procedure were not created by the legislature, they are enabled, and enforceable as statues via Tex. Const. Art. V § 31(a-c), and Tex. Gov. Code § 22.108(a-c).

Petitioner, would call the Clerk's attention to his Sept. 24, 2024, notice that the cause was to be submitted to the court October 23, 2024. Did submission occur, and if not why nor?

IV. Remedy / Prayer

For premise considered the Appeal should proceed.

Sincerly,

Anthony Norman

Anthony Norman
3695 FM 3514
01718789/ LeBlanc
Beaumont, TX 77705

## Certificate of Service,

I, Anthony Norman, do certify that I have mailed a true copy of the instant document to Austin Hamby, Asst. Texas Atty General P.O. Box 12548 Austin, TX 78711- 2548, by placing a true copy in the prison mail system for first class delivery on    27 January 2025.

Anth

Affidavit Related to Previous Filings
Texas Civil Practices & Remedies Art. 14.004

I, Anthony Whitney Norman, herein affiant, do hereby state under penalty of perjury the following in relation to disclosures required by 14.004"

1. Cause no. 14-11-00433-CR addressing cause no. 1248767 a criminal conviction from the 262nd District Court. I raised claims of: Legal Sufficiency, Factual Sufficiency Prosecutorial Misconduct, Improper Grand Jury, Violations of Choice of Counsel. The case is still pending review by the TCCA via "PD-1488-12" see: TRAP Rule 69.4(b); Anthony Norman v. Texas

2. Cause no. unknown-lost. Anthony Norman v. Arora Loan Svc. Safe Co Insurance. Filed in Harris County lost District Court sometime in 2012. The cause was a civil tort asserting conversion of property and wrongful Foreclosure. Cause was dismissed for want of prosecution against Aurora Loan Svc as I was unable to affect service due to no valid address being found. I have been unsuccessful in recovering the cause number from the Harris County District Clerk;

3. Cause no. D-1-GN-18-004768 in the 345th District Court. Raised a Writ of Mandamus action against P.J. Sharon Keller, and Deana Williamson, Clerk of the Tex Court of Criminal Appeals. Judge Crump dismissed the case citing both a lack of jurisdiction, and citing frivilous! The case was appealed to the 3rd COA. which struck the frivilous finding, but maintained lack of jurisdiction. The case then went to the Texas Supreme Court 21-0551, on a Petition for Discretionary Review. 21-0551 is still pending [TRAP R. 56.5] adjudication; 03-19-00297-W;

4. Cause no. 14-20-00039-CR in the 14th COA. Writ of Mandamus filed against 262nd Judge Lori Chambers-Gray who has thus refused to rule on Motion to Vacate Void Judgment. The COA dismissed the case complaining of the lack of a certified record upon which to rule. This case was sent to the Texas Supreme Court pursuant to Petition for Discretionary review 20-0076, and is still pending adjudication; [TRAP 56.5]

5. Cause no. D-1-GN-21-002583 in the 200th District Court. Raised civil tort civil rights violations, liable libel, negligence, fraud, harassment, conversion of property / takings claim, voter suppression. On Motion, this

case was transferred to the 12th District Court cause no. 2230570. This case was dismissed citing a lack of jurisdiction, frivolousness, and that the defendant's claim of a judicial decision without proof in the record established the fact that a decision occurred. This case was appealed to the 10th District Court of Appeals 10-24-00045-CV, which was transferred in August 2024 on the premise of an ORDER from the Texas Supreme Court, to wit, the Affiant informed the Clerk of the 10th that 'no jurisdiction required the transfer.' Anthony Norman v. Rocky Moore, Brian Collier, Bobby Lumpkin, Ashley Janak, Tammy Chapman, Shavonda Mathis Howard;

6. cause no. 2009-59665 Ex parte Anthony Whitney Norman - Writ of Expunction. Originally granted ~ 12/01/2009, but allegedly revoked 12/31/2009. The H.C. District Clerk has recently April of 2021 responded to multiple information request, and sent Affiant an order purporting an August 2012 denial. It appears the 2nd Order was issued without jurisdiction. Anthony Whitney Norman v. State;

7. cause no. D-1-GN-24-010216 in the 200th District Court, currently pending, citing Takings claims per Tex. Const. Art I §17. Anthony Norman v. Greg Abbott, Governor, Brian Collier, Exec. Dir. TDCJ, Kim Ogg, H.C.D.A, Sharon Keller, P.J. TCCA. ~~Affiant~~ Filed 26 December 2024;

8. cause no. 2024-38544 in the 125th District Court, currently pending. Suit to Quiet Title, Treaspass to Try Title, conversion claim. Anthony Norman v. John Giraldo, Monica Liloy, Fabriger Investments. Currently pending Filed 2024 June 11.

" affiant sayeth further not.

Anthony N

Unsworn Declaration

I, Anthony Norman am currently incarcerated in Jefferson County, Texas in the Texas Dept. of Criminal Justice CID # 01718789. I state under penalty of perjury the foregoing above is true and correct to my belief.

Anth N

pg 2 of 2